**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARCHIBALD CUNNINGHAM, | No. 15-15166 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-03250-WHA |
| v. | |
| KEVIN SINGER, Court-appointed receiver; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted July 26, 2016[**]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Archibald Cunningham, an attorney, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law

claims arising out of the acts of a state court-appointed receiver. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007), and we affirm.

The district court properly dismissed Cunningham's action because Cunningham failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]").

The district court did not abuse its discretion by declaring Cunningham a vexatious litigant and entering a pre-filing order against Cunningham after providing him with notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-61 (9th Cir. 2007) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions).

Cunningham's contentions regarding judicial bias are without merit.

**AFFIRMED**.